1  LUIS R. MEJIA
   Securities and Exchange Commission
2  450 Fifth Street, N.W.
   Washington, D.C. 20549-0808
3  Phone: (202) 942-4744 (Mejia)
   Fax: (202) 942-9569 (Mejia)
4
   <u>Local Counsel:</u>
5  GREGORY C. GLYNN, Cal. Bar # 039999
   Securities and Exchange Commission
6  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, CA 90036-3648
7  Phone: (323) 965-3998
   Fax: (323) 965-3812
8

```
           FILED
  CLERK, U.S. DISTRICT COURT

      JAN 25 2001

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY
```

```
           ENTERED
  CLERK, U.S. DISTRICT COURT

      JAN 26 2001

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY
```

9           UNITED STATES DISTRICT COURT

10     FOR THE CENTRAL DISTRICT OF CALIFORNIA

11               WESTERN DIVISION

12

13  SECURITIES AND EXCHANGE COMMISSION, :   Case No. 99-13139 CBM(AJWx)
                                        :
            Plaintiff,                  :   [PROPOSED]
14                                      :   FINAL JUDGMENT
       vs.                              :   OF PERMANENT INJUNCTION
                                        :   AND OTHER EQUITABLE RELIEF
    ARASH AZIZ-GOLSHANI, et al.         :
16                                      :
                                        :   Priority ____
17          Defendants.                 :   Send    ____
                                        :   Enter   ____
18                                      :   Closed  ____
   <u>THIS CONSTITUTES NOTICE OF ENTRY</u>   :   JS-5/JS-6  NO
19  <u>AS REQUIRED BY FRCP, RULE 77(d).</u>      JS-2/JS-3 ____
                                            Scan Only ____

20      Plaintiff Securities and Exchange Commission, ("SEC"), having

21  filed an Amended Complaint in this action; and the Defendant Hootan

22  Melamed having acknowledged service of process; having entered a

23  general appearance; having consented to venue of this action; having

24  admitted jurisdiction of this Court over him and over the subject

25  matter of this action; having been fully advised and informed of his

26  right to a judicial determination of this action; having withdrawn

27  his answer and waived the entry of findings of fact and conclusions

28  of law as provided by Rule 52 of the Federal Rules of Civil

____ Docketed
____ Copies / NTC Sent
____ JS - 5 / JS - 6
____ JS - 2 / JS - 3
____ CLSD

JAN 26 2001



1  Procedure; having waived any right he may have to appeal from the

2  entry of this Final Judgment; having consented to the entry of this

3  Final Judgment without admitting or denying any of the allegations in

4  the Amended Complaint, except as specifically set forth in the

5  Consent and Undertaking ("Consent"); it appearing that no notice of

6  hearing upon entry of this Final Judgment being necessary; and the

7  Court being fully advised in the premises; and there being no just

8  reason for delay;

9                                    I.

10      IT IS HEREBY ORDERED, that Hootan Melamed, his agents,

11  servants, attorneys, and those persons in active concert or

12  participation with any of them, who receive actual notice of this

13  Order, by personal service or otherwise, and each of them, be and

14  hereby are permanently enjoined from, directly or indirectly, in

15  connection with the offer or sale of any securities, by the use of

16  any means or instruments of transportation or communication in

17  interstate commerce or by the use of the mails:

18      A.   employing any device, scheme, or artifice to defraud;

19      B.   obtaining money or property by means of any untrue

20  statement of a material fact or any omission to state a material fact

21  necessary in order to make the statements made, in the light of the

22  circumstances under which they were made, not misleading; or

23      C.   engaging in any transaction, practice, or course of

24  business which operates or would operate as a fraud or deceit upon

25  the purchaser;

26  in violation of Section 17(a) of the Securities Act [15 U.S.C. §

27

28                                  -2-

1 | 77q(a)].

2 |                                  II.

3 |      IT IS FURTHER ORDERED, that Hootan Melamed, his agents,

4 | servants, attorneys, and those persons in active concert or

5 | participation with any of them, who receive actual notice of this

6 | Order, by personal service or otherwise, and each of them, be and

7 | hereby are permanently enjoined from, directly or indirectly, in

8 | connection with the purchase or sale of any securities, by the use of

9 | any means or instrumentality of interstate commerce, or of the mails,

10 | or of any facility of any national securities exchange:

11 |      A.    employing any device, scheme, or artifice to defraud;

12 |      B.    making any untrue statement of a material fact or omitting

13 | to state a material fact necessary in order to make the statements

14 | made, in the light of the circumstances under which they were made,

15 | not misleading; or

16 |      C.    engaging in any act, practice, or course of business which

17 | operates or would operate as a fraud or deceit upon any person;

18 | in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)

19 | and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

20 |                                  III.

21 |      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Melamed shall

22 | pay disgorgement in the amount of $213,178, representing gains from

23 | the purchase and sale of the securities of NEI Webworld, Inc.,

24 | JustWebIt, and Foodvision, as alleged in the Amended Complaint,

25 | together with prejudgment interest thereon.  Of this amount, Melamed

26 | is jointly and severally liable with Allen Derzakharian for

27 |

28 |                                  -3-

1  disgorgement in the amount of $211,250, plus prejudgment interest

2  thereon, representing gains from the purchase and sale of the

3  securities of NEI Webworld, Inc., through his joint account at Web

4  Street Securities, account number 933-766-23-25 ("Web Street

5  Account").  Compliance by Melamed of each of the undertakings set

6  forth in paragraph 12 of his consent, including but not limited to

7  taking all necessary steps to cause the entire balance of the Web

8  Street Account to be transferred to the Registry of the Court, shall

9  satisfy completely his liability for the amounts of disgorgement and

10  interest arising from transactions in NEI Webworld, Inc. Melamed is

11  solely liable for disgorgement of an additional $1928, plus

12  prejudgment interest thereon, representing his gains from the

13  purchase and sale of the securities of JustWebIt and Foodvision.

14                                IV.

15       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that based upon

16  Melamed's sworn representations in his Statement of Financial

17  Condition dated June 30, 2000 and supplemented on July 11, 2000

18  submitted to the Commission, the Court is not ordering him to pay a

19  civil penalty pursuant to Section 21(d)(3)(A) of the Exchange Act [15

20  U.S.C. § 78u(d)(3)(A)].  The determination not to impose a greater

21  civil penalty is contingent on the accuracy and completeness of the

22  Financial Statement.  If at any time following the entry of the Final

23  Judgment the Commission obtains information indicating that Melamed's

24  representations to the Commission concerning his assets, income,

25  liabilities, or net worth were fraudulent, misleading, inaccurate or

26  incomplete in any material respect as of the time such

27

28                                -4-

1  representations were made, the Commission may, at its sole discretion

2  and without prior notice to Melamed, petition the Court for an order

3  requiring Melamed to pay civil penalties.  In connection with any

4  such petition, the only issues shall be whether the financial

5  information provided by Melamed was fraudulent, misleading,

6  inaccurate or incomplete in any material respect as of the time such

7  representations were made, and the amount of civil penalty to be

8  imposed.  In any such petition, the Court may impose all available

9  remedies, including, but not limited to, ordering Melamed to pay

10  funds or assets, directing the forfeiture of any assets, or sanctions

11  for contempt of the Court's Final Judgment, and the Court may permit

12  additional discovery. Melamed may not, by way of defense to such

13  petition, challenge the validity of this Consent or the Final

14  Judgment, contest the allegations in the Amended Complaint filed by

15  the Commission, contest the amount of disgorgement and interest, or

16  assert that disgorgement or payment of a civil penalty should not be

17  ordered.

18                                   V.

19       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Melamed shall

20  take all necessary steps to cause the entire balance of the Web

21  Street Account, consisting of the proceeds of the trading in NEI

22  Webworld, together with interest that has accrued thereon, to be

23  transferred to the Registry of the Court, in satisfaction of his

24  joint and several liability for the trading in NEI Webworld.  Melamed

25  shall also deliver into the Registry of the Court within (10)

26  business days of the entry of the Final Judgment a certified check

27

28                                  -5-

1  made payable to Clerk, U.S. District Court, in the amount of $2066,
2  consisting of $1928 in profits from his trading in JustWebIt and
3  Foodvision, together with prejudgment interest of $138 thereon.  The
4  payments required herein shall each be accompanied by a letter that
5  identifies the defendant, the name and case number of this
6  litigation, and the name of the Court and a copy of the Final
7  Judgment in this case.  The check and proceeds from the Web Street
8  Account shall be personally delivered to and served upon the Clerk of
9  the Court or Chief Deputy Clerk.  Copies of the check, documentation
10 of transfer of funds from the Web Street Account, and letters shall
11 be simultaneously transmitted to Trial Counsel for the SEC in this
12 matter at the SEC's Washington, D.C. Office.  The funds delivered
13 into the Registry of the Court described herein shall thereafter be
14 distributed in accordance with a Court approved plan for distribution
15 of disgorgement funds to be proposed by the Commission.  Melamed
16 shall not be entitled to service of the plan proposed by the
17 Commission, and shall not have the right to be heard with respect to
18 the Court's consideration of such plan.  In no event shall any of the
19 funds paid into the Registry of the Court revert directly or
20 indirectly to Melamed or his successors, heirs or assigns.
21                                  VI.
22      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk of
23 the Court shall deposit Melamed's payments described above into an
24 interest bearing account pending further disposition by the Court
25 pursuant to Rule 67, Fed. R. Civ. P, and Local Rule 22.

28                                 -6-

1                               VII.

2          IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the

3    provisions of the Consent of Hootan Melamed filed concurrently with

4    the Final Judgment are incorporated herein with the same force and

5    effect as if fully set forth herein and that he shall comply with his

6    Consent.

7                              VIII.

8          IT IS FURTHER ORDERED, that this Court shall retain

9    jurisdiction over this action for the purpose of enforcing this Final

10   Judgment.

11                              IX.

12         There being no just reason for delay, the Clerk of the Court is

13   hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil

14   Procedure to enter this Final Judgment forthwith and without further

15   notice.

16         IT IS SO ORDERED

17   DATED:    _____1 / 25_____, 2001

18                                         _____
                                           CONSUELO B. MARSHALL
19                                         UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28                               -7-